UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80741-Cannon/McCabe

JOHNNY MUGS WHOLESALE
PRODUCE INC.,

Plaintiff,

v.

B-MORE FRESH CORP., JEFRYN L.
CRUZ, and ELNA AGUILAR MATA,

Defendants,

v.

JPMORGAN CHASE BANK, N.A.,
WELLS FARGO BANK, N.A., and
FIFTH THIRD BANK, NATIONAL
ASSOCIATION,

Garnishees.

_______________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff filed a Motion to Dissolve Writs of Garnishment and Discharge Garnishees (DE 48), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 38). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

Following entry of the Final Default Judgment (DE 21), the Clerk issued writs of garnishment directed to JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., and Fifth Third Bank, National Association. (DE 26, DE 27, DE 28). Fifth Third and JPMorgan reported that they held no property belonging to the applicable judgment debtors. (DE 29, DE 39). Wells Fargo reported holding $229.63 subject to its writ. (DE 37).

By way of this motion, Plaintiff now states that it no longer wishes to pursue the garnishments and asks the Court to dissolve the writs, discharge the garnishees, and direct the release of any restraints imposed under the writs. (DE 48). No party responded to the motion, and the time to do so has passed.

Federal Rule of Civil Procedure 69(a)(1) provides that Florida law governs these garnishment proceedings. Under Fla. Stat. § 77.07(5), a writ of garnishment dissolves, and the garnishee is discharged from further liability, when the plaintiff does not timely pursue final judgment, dismiss the garnishment, or extend the writ. Because Plaintiff affirmatively seeks dissolution and no party objects, the Court should dissolve the writs, discharge the garnishees, and direct the release of any property restrained under the writs.

Fifth Third and Wells Fargo each demanded the $100 statutory garnishment fee provided by Fla. Stat. § 77.28. (DE 29 at 2, DE 37 at 3). JPMorgan did not demand the statutory fee. (DE 39). Because section 77.28 requires payment only "on the garnishee's demand," Plaintiff should be directed to pay the fees demanded by Fifth Third and Wells Fargo, to the extent those fees remain unpaid. No fee should be awarded to JPMorgan.

Accordingly, the undersigned **RECOMMENDS** as follows:

1. Plaintiff's Motion to Dissolve Writs of Garnishment and Discharge Garnishees (DE 48) should be **GRANTED**.
2. The writs of garnishment directed to JPMorgan Chase Bank, N.A. (DE 26), Wells Fargo Bank, N.A. (DE 27), and Fifth Third Bank, National Association (DE 28) should be **DISSOLVED**.
3. The garnishees should be **DISCHARGED** from further liability under the writs and any property restrained by the writs should be **RELEASED**.

4. Plaintiff should pay the $100 statutory fee demanded by Fifth Third and the $100 statutory fee demanded by Wells Fargo, to the extent those fees remain unpaid.
5. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.
6. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of October 2026.



RYON M. MCCABE
U.S. MAGISTRATE JUDGE